UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAUL GONZALES DAVILA; | ) | Case No. |
| *Plaintiff.* | ) | |
| | ) | |
| - against - | ) | |
| | ) | |
| ROBLEN, LLC f/d/b/a VICOLO PIZZA RESTAURANT; VIKTOR BERISHA; | ) | APRIL 24, 2023 |
| | ) | |
| *Defendants.* | | |

## VERIFIED COMPLAINT

RAUL GONZALES DAVILA (the "Plaintiff") by and through his attorney, David P. Stich, Esq. complaining of Defendants Roblen, LLC f/d/b/a Vicolo Pizza Restaurant ("Vicolo Pizza") and Viktor Berisha ("Berisha") (collectively, the "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201, *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, (2) liquidated damages, (3) back pay, (4) front pay, (5) pre-judgment interest, and (6) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. Sections 31-58 *et seq,*, the Connecticut Fair Employment Practices Act ("CFEPA") and the common law, that he is entitled to recover from the Defendants: (1) double unpaid wages, including overtime (2) liquidated damages, (3) back pay, (4) front pay, (5) pre-judgment interest, (6) discrimination damages, (7) battery, (8) intentional infliction of emotional distress and (9) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28. U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court of Connecticut pursuant to 28 U.S.C. § 1391 because the events set forth in this Complaint occurred at Vicolo Pizza, which was formerly located at 62 Main Street, New Canaan, CT.

## PARTIES

5. The Plaintiff is a resident of Fairfield County, Connecticut.

6. At all times relevant to the Complaint, the Plaintiff was an employee within the meaning of FLSA Sec. § 203(e) and CMWA, Conn. Gen. Stat. § 31-58(e).

7. Defendants collectively and jointly owned, operated and controlled Roblen, LLC as a single integrated enterprise under the trade name of "Vicolo Pizza Restaurant" that employed and/or jointly employed Plaintiff.

8. Roblen, LLC f/d/b/a Vicolo Pizza Restaurant ("Vicolo Pizza") is a limited liability company having an address c/o Viktor Berisha, 62 Main Street, New Canaan, CT 06840.

9. Vicolo Pizza was an Italian pizzeria formerly located at 62 Main Street, New Canaan, CT.

10. Vicolo Pizza had employees who were engaged in interstate commerce and in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Upon information and belief, within three (3) years prior to the filing of this Complaint, Vicolo Pizza's annual gross volume of sales made, or business done was not less than Five Hundred Thousand ($500,000.00) Dollars.

12. At all relevant times, Vicolo Pizza had substantial control over Plaintiff's working conditions and unlawful practices alleged herein.

13. Defendant Viktor Berisha ("Berisha") is an individual having an address of 584 Old Stamford Road, New Canaan, CT 06840, and is made a party defendant herein as the owner of Vicolo Pizza.

14. Throughout Plaintiff's employment, Berisha was regularly present at Vicolo Pizza while the restaurant was open for business.

15. Berisha is listed as the sole owner/operator of Vicolo Pizza in its Connecticut liquor license and Connecticut food permit.

16. Upon information and belief, Berisha decided the wage rates of his employees, including Plaintiff's wage rates.

17. Berisha exercised sufficient control over the operations of Vicolo Pizza to be considered the "employer" under the FLSA and CMWA.

## NATURE OF ACTION

18. The Plaintiff, Raul Gonzales, is a resident of the Town of Darien, Connecticut and a former employee of Corporate Defendant Roblen, LLC f/d/b/a Vicolo Pizza Restaurant ("Vicolo Pizza") and Individual Defendant Viktor Berisha.

19. Defendants collectively owned, operated and controlled Vicolo Pizza which was formerly located at 62 Main Street, New Canaan, CT under the name "Vicolo Pizza Restaurant".

20. Upon information and belief, individual Defendant Viktor Berisha, served as the sole owner of Defendant Corporation, and through this corporate entity, operated the restaurant as an enterprise.

21. Plaintiff was employed as a delivery driver, runner, busboy, and food preparer.

22. Throughout his employment, Plaintiff worked for Defendants in excess of forty (40) hours per workweek, without receiving appropriate minimum wage, overtime and spread of hours compensation.

23. Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

24. Defendants failed to abide by the notice provisions of the FLSA and CMWA.

25. Defendants discriminated against the Plaintiff in violation of the FLSA and the Connecticut Fair Employment Practices Act.

## FACTUAL ALLEGATIONS

26. Throughout the course of Plaintiff's employment at Vicolo Pizza, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week

without the minimum wage and overtime compensation required by federal and state law and regulations.

27. Throughout the course of Plaintiff's employment at Vicolo Pizza, from approximately June, 2012 to April 1, 2022, he worked Monday through Saturday 10:00 A.M. to Midnight, 12:00 A.M - fourteen (14) hours per workday, six (6) days a workweek, for a total of one-hundred (100) hours per workweek.

28. Throughout the course of Plaintiff's employment, Defendants paid Plaintiff Five Hundred ($500.00) Dollars per workweek in cash, equating to Five ($5) Dollars per hour, which is substantially below both the federal and state minimum wage rate.

29. The Defendants failed to give the Plaintiff overtime wages for the sixty (60) hours of overtime the Plaintiff worked each workweek.

30. Defendants failed to provide the Plaintiff with a wage statement or paystub at the end of each pay period.

31. Throughout the course of Plaintiff's employment, the Defendants required the Plaintiff to hand over any tips he received from delivering pizza or performing other tasks for the restaurant.

32. On a number of occasions, Defendants required the Plaintiff to sign documents the contents of which were not allowed to be reviewed.

33. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly and in accordance with the law for the hours he worked.

34. Plaintiff was never given a "bona fide meal period" or any notice that there would be a period of time each day, where he was not on call to perform work for Vicolo Pizza.

35. Defendants required the Plaintiff to use his own car to deliver pizza and never reimbursed him for the driving expenses he incurred for Vicolo Pizza, such as gas, insurance, maintenance or mileage, despite being an employee rather than an independent contractor.

36. Defendants also required the Plaintiff to pay for and use his own cell phone for Defendant Viktor Berisha to communicate with Plaintiff as to where to deliver pizza. The Defendants never reimbursed the Plaintiff over the course of his employment for his phone expenses.

37. Throughout the period of Plaintiff's employment, the Defendants discriminated against the Plaintiff on account of Plaintiff's ethnicity, race, national origin, and citizenship status.

38. Upon information and belief, the Defendants consistently paid Hispanic workers less than other non-Hispanic workers.

39. Defendants consistently told Plaintiff and other Hispanic, undocumented workers that since they were "illegals" they are not protected under the laws and should be grateful to make any amount of money.

40. In addition to paying Plaintiff and other Hispanic workers less than the wages legally due to them, Berisha physically assaulted and verbally abused Hispanic workers, including the Plaintiff.

41. On multiple occasions throughout Plaintiff's employment, Berisha slapped Plaintiff's hands to take tips away from him.

42. On multiple occasions throughout Plaintiff's employment, Berisha demanded the Plaintiff to do heavy-lifting after he had undergone surgery and was instructed not to do so by his physicians, despite Berisha being aware of this fact and shown the doctors' instructions, resulting in serious injury. The physical and mental abuse by Berisha caused Plaintiff to have medical and mental health issues, according to his doctors.

43. On or about October 11, 2022, the Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities.

44. The Defendant defaulted and told investigators that he did not know the Plaintiff.

45. Plaintiff requested permission from the CHRO to commence a private action against the Defendants, which the CHRO granted on April 12, 2023.

46. Accordingly, the Plaintiff has exhausted his administrative remedies.

47. The conduct of the Defendants was a violation of Connecticut's Fair Employment Practices Act, Conn. Gen. Stat. Sec. 46a-60(a)91).

48. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed the Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and CMWA. This policy and pattern or practice includes, *inter alia*, failing to pay the Plaintiff overtime wages at one and one-half times his regular hourly wage rates for hours worked over forty (40) per workweek.

49. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation through systematic discrimination.

50. Defendants' unlawful conduct has been intentional, willful and in bad faith and has caused significant monetary, physical and emotional damage to the Plaintiff.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

51. Plaintiffs repeat and reallege all paragraphs above as though full set forth herein.

DAVID P. STICH, ESQ., 1234 SUMMER STREET, 3RD FL, STAMFORD, CT 06905, JURIS # CT18442

52. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire the Plaintiff, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

53. At all relevant times, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § § 206(a) and 207(a).

54. Upon information and belief, at all relevant times, Vicolo Pizza had gross annual revenues in excess of Five Hundred Thousand ($500,000.00) Dollars.

55. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

56. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

57. Defendants only paid Plaintiff Five ($5) Dollars per hour throughout the course of his employment.

58. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

59. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

61. Throughout Plaintiffs employment, Plaintiff worked one hundred (100) hours per workweek, equating to sixty (60) hours of overtime.

62. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

63. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

64. Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF THE CMWA

65. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of Conn. Gen. Stat. §§ 31-58(d) and 31-71(a)(1).

67. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of Conn. Gen. Stat. §§ 31-58(d) and 31-71(a)(2).

68. Defendants had the power to hire and fire the Plaintiff, controlled the terms and conditions of his employment and determined the rates and methods of any compensation in exchange for his employment.

69. Throughout the course of Plaintiff's employment, Defendants, in violation of Conn. Gen. Stat. §§ 31-60 and 31-76(c), and the supporting regulations of the Connecticut Minimum Wage Act, consistently paid the Plaintiff less than the applicable minimum fair wage by paying Plaintiff only Five ($5) Dollars per hour, substantially lower than legally required.

70. On or about June 27, 2022, the Plaintiff filed a claim for the collection of unpaid wages with the Connecticut Department of Labor.

71. Berisha reportedly stated to the Department of Labor investigator assigned to Plaintiff's case that he did not know the Plaintiff.

72. Shortly thereafter, on or about June 1, 2022, Vicolo Pizza closed.

73. The Defendants failed to answer the Department of Labor complaint or pay wages due to the Plaintiff.

74. The foregoing claim was pending with the Department of Labor until on or about January 30, 2023.

75. As a result, the Plaintiff is entitled to commence a civil action in accordance with Gen. Stat. § 31-72.

76. Defendants' failure to pay Plaintiff the minimum wage was willful and in bad faith within the meaning of Conn. Gen. Stat. § 31-68(a).

77. In accordance with Gen. Stat. § 31-72, Plaintiff is entitled to interest, double damages and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATIONS OF THE OVERTIME PROVISIONS OF THE CMWA

78. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

79. Throughout the course of Plaintiff's employment, Defendants, in violation of Conn. Gen. Stat. §§ 31-60 and 31-76(b) and (c), required Plaintiff to work one hundred (100) hours per workweek for Five ($5) Dollars per hour and never compensated Plaintiff for the sixty (60) hours of overtime.

80. On or about June 27, 2022, the Plaintiff filed a claim for the collection of unpaid wages with the Connecticut Department of Labor.

81. The foregoing claim was pending with the Department of Labor until on or about January 30, 2023.

82. The Defendants failed to answer the complaint or pay wages due to the Plaintiff.

83. Berisha reportedly stated to a Department of Labor investigator that he did not know the Plaintiff.

84. Shortly thereafter, on or about June 1, 2022, Vicolo Pizza closed.

85. As a result, the Plaintiff is entitled to commence a civil action in accordance with Gen. Stat. § 31-72.

86. Defendants' failure to pay Plaintiff the minimum wage was willful and in bad faith within the meaning of Conn. Gen. Stat. § 31-68(a).

87. In accordance with Gen. Stat. § 31-72, Plaintiff is entitled to interest, double damages and attorneys' fees.

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF THE RECORDKEEPING & NOTICING REGULATIONS OF THE FLSA

88. Plaintiff repeats and reincorporates all foregoing paragraphs as if fully set forth herein.

89. Upon information and belief, throughout Plaintiff's employment, the Defendants failed to maintain and preserve payroll or other records regarding the Plaintiff and other similarly situated employees in violation of 29 CFR Part 516.

90. The Plaintiff failed, in violation of 29 CRF Part 516.4, to post a notice explaining the FLSA and its minimum wage and overtime provisions, as prescribed by the Wage and Hour Division, in a conspicuous place in the restaurant.

91. Due to Defendants' violations, the Plaintiff has been harmed in an amount to be determined at trial.

DAVID P. STICH, ESQ., 1234 SUMMER STREET, 3RD FL, STAMFORD, CT 06905, JURIS # CT18442

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF THE RECORDKEEPING & NOTICING REGULATIONS OF THE CMWA

92. Plaintiff repeats and reincorporates all foregoing paragraphs as if fully set forth herein.

93. At the time that Defendants hired Plaintiff, the Defendants failed to provide Plaintiff with his rate of remuneration, hours of employment and wage payment schedules, in violation of Conn. Gen. Stat. § 31-71(f).

94. Throughout the course of Plaintiff's employment, Defendants failed to furnish Plaintiff, at the end of each pay period, with a statement accurately listing; rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours works; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of Conn. Gen. Stat. § 31-13(a).

95. Upon information and belief, Defendants never kept true and accurate records of the hours worked by and the wages paid by them to each employee, in violation of Conn. Gen. Stat. § 31-66.

96. The Defendants never, either in writing or through a posted notice maintained in a place accessible to his employees, any employment practices and policies or change therein regarding wages, vacation pay, sick leave, health and welfare benefits and comparable matters, in violation of Conn. Gen. Stat. § 31-71(f).

97. Defendants routinely had Plaintiff sign documents written in English, to which Plaintiff did not know the contents of or was allowed to review with a translator as Spanish is Plaintiff's primary language.

DAVID P. STICH, ESQ., 1234 SUMMER STREET, 3RD FL, STAMFORD, CT 06905, JURIS # CT18442

98. To the Plaintiffs knowledge, the Defendants never had Plaintiff knowingly or willfully sign a weekly statement verifying receipt of wages.

99. Due to Defendants' violation of the foregoing provisions of the CMWA, the Plaintiff has been harmed in an amount to be decided at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATIONS OF THE TIP CREDIT PROVISIONS OF THE CMWA

100. Plaintiff repeats and reincorporates all foregoing paragraphs as if fully set forth herein.

101. Under Conn. Gen. Stat. § 31-60(b) and (d), employers are allowed to pay restaurant employees who customarily and regularly earn gratuities less than the minimum wage.

102. While Plaintiff was initially hired as a pizza delivery driver, Vicolo Pizza required him to also work as a food preparer, a runner and a busboy, which are, customarily, non-tipped jobs.

103. Throughout Plaintiff's employment, Berisha demanded that at the end of each workday, the Plaintiff hand over any tips he received from delivering pizza or otherwise.

104. As such, the Plaintiff was never provided with tip credit to ensure the employer's compliance with the legal minimum wage laws and only received, throughout his employment, Five ($5) Dollars per hour.

105. Defendants routinely had Plaintiff sign documents written in English, to which Plaintiff did not know the contents of, or was allowed to review with a translator, as Spanish is Plaintiff's primary language.

106. To the Plaintiffs knowledge, the Defendants never had Plaintiff knowingly or willfully sign a weekly statement verifying receipt of gratuities.

107. Due to Defendants' violation of these provisions of the CMWA, the Plaintiff has been harmed in an amount to be decided at trial.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE MEAL BREAK PROVISION OF CMWA

108. Plaintiff repeats and reincorporates all foregoing paragraphs as if fully set forth herein. Throughout Plaintiff's employment at Vicolo Pizza, the Defendants failed to provide the Plaintiff with a meal break in violation of Conn. Gen. Stat.§ 31-51ii.

109. Due to Defendants' violation of statutory law, the Plaintiff has been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### WORKPLACE DISCRIMINATION IN VIOLATION OF CMWA

110. Plaintiff repeats and reincorporates all foregoing paragraphs as if fully set forth herein.

111. Throughout the period of Plaintiff's employment, the Defendants discriminated against the Plaintiff on account of Plaintiff's ethnicity, race, national origin, and citizenship status in violation of Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60(b)(1).

112. Upon information and belief, the Defendants consistently paid Hispanic workers less than other non-Hispanic workers.

113. Defendants consistently told Plaintiff and other Hispanic, undocumented workers that since they were "illegals" they are not protected under the laws and should be grateful to make any amount of money.

114. Defendants' knowingly, willfully, and in bad faith, took advantage of the fact that Plaintiff is an undocumented immigrant from Peru with limited English proficiency and knowledge of U.S. employment laws, and exploited his fear of deportation or criminal conviction.

## TENTH CAUSE OF ACTION
### BATTERY

115. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116. During Plaintiff's employment, on multiple occasions, Defendant Viktor Berisha physically assaulted the Plaintiff by slapping his hands.

117. These assaults took place on multiple occasions during the period of three years prior to the date hereof and related to the Defendants' demand for the Plaintiff to overturn his tips.

118. As a consequence, the Plaintiff sustained physical and emotional damages.

## ELEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

119. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120. During the same period, Defendant Viktor Berisha humiliated and castigated the Plaintiff with the intention to inflict emotional distress upon the Plaintiff.

121. The foregoing conduct was extreme and intolerable and did in fact cause the Plaintiff emotional distress.

122. As a consequence, the Plaintiff sustained damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this honorable Court enter judgment against Defendants by:

(1) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(2) Declaring that Defendants violated the overtime provisions of, and associated rules and regulations under, the FLSA, as to Plaintiff;

(3) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(4) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

(5) Declaring that the Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the CMWA as to Plaintiff;

(6) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the CMWA as to Plaintiff;

(7) Declaring that Defendants violated the notice and recordkeeping requirements of the CMWA with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

(8) Declaring that Defendants violated the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(b)(1).

(9) Declaring that Defendants' violations of the provisions of the CMWA were willful and in bad faith as against Plaintiff; Awarding Plaintiff liquidated damages in an amount equal

to double the total amount of minimum wage, overtime compensation pursuant to Conn. Gen. Stat. § 31-68(2).

(10) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(11) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(12) All other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Stamford, Connecticut
April 24, 2023

DAVID P. STICH, ESQ.

_____
Attorney for Plaintiff
David P. Stich, Esq.
1234 Summer Street, 3rd Fl
Stamford, CT 06905
Tel: (203) 992-1202
Fax: (203) 992-1203
Dstichesq@gmail.com
Juris # CT18442

## **VERIFICATION PAGE**

STATE OF CONNECTICUT )
                                         ) ss.:
COUNTY OF FAIRFIELD )

      I, Raul Gonzales Davila, being duly sworn, deposes and says:

I have read the foregoing verified complaint and know the contents thereof; the same are true to my knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                                                                       */s/ Raul Gonzales Davila*
                                                                                         Raul Gonzales Davila

Sworn to before me this
24th day of April, 2023

*/s/ Stephanie Stich*
Commissioner of the Superior Court
Stephanie L. Stich, Esq.
Juris #439469

18

DAVID P. STICH, ESQ., 1234 SUMMER STREET, 3RD FL, STAMFORD, CT 06905, JURIS # CT18442