UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAUL GONZALES DAVILA,<br><br>Plaintiff,<br><br>v.<br><br>ROBLEN, LLC f/d/b/a VICOLO PIZZA RESTAURANT and VIKTOR BERISHA,<br><br>Defendants. | CIVIL ACTION NO.<br>3:23-CV-00512 (SRU)<br><br><br><br>AUGUST 21, 2025 |

**DECLARATION OF DAVID P. STICH, ESQ.
IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE
FILED AUGUST 7, 2025**

DAVID P. STICH, an attorney duly admitted to this Court and to the Courts of the State of Connecticut, hereby declares:

1. I respectfully submit this Declaration to, once again, express my sincere apology to the Court and to counsel for the Defendants for errors contained in Plaintiff's Opposition to Defendants' Summary Judgment Motion, filed June 17, 2025 (Docket No. 71).

2. The Court's Order to Show Cause states that I "fil[ed] a brief containing artificial intelligence created legal authority that does not exist." Based on a recent review, the cases cited in Docket No. 71 do exist.[1] The issue as I stated in my letter of August 1, 2025 is that some citations did not support the legal propositions for which they were offered.

---

[1] Defendants' counsel states in footnote 5, page 13, of the Defendants' Reply Memorandum of Law in Further Support of Motion for Summary Judgment that, with respect to Patel v. 7-Eleven, Inc., after "repeated attempts to plug in the citation and searches for the case names when the citation proved incorrect resulted in the conclusion that this case, as captioned, appears not [sic]

1

3.     Defendants' counsel alludes to the Order to Show Cause to sanction me in the case <u>Cojom v. Roblen LLC, et al.</u>, 23-cv-1669 entered July 23, 2025 "and to explain whether the non-existent citations resulted from the use of artificial intelligence or some other failure of diligence or candor." Receipt of that notice resulted in not only the immediate review of that plaintiff's opposition to the defendant's motion to vacate (which was denied on July 28, 2025), but the immediate review of the opposition to the motion for summary judgment in this case which used the same AI tool as described in my letter of August 1.

4.     In deciding this Court's Order to Show Cause, I ask that the Court take into account that I called this issue to the Court's attention before any action by the Court on the pending motion for summary judgment and sought to remedy the issue in the most expedient manner – filing my letter of August 1 with the amended Memorandum of Law – which I understood to be permissible.

5.     I also ask the Court to take into account that I have already taken corrective steps to ensure that this will not happen again – including the discontinuance of any AI generated research tools in all courts for any of my legal practice, and taking continuing legal education on the responsible use of AI in legal practice.

6.     In thirty-five years of practice, I have been sanctioned once – in 1994 for $125.00 due to the failure to timely file a motion submission form in New Jersey Superior Court, Essex County.

7.     Once again, I acknowledge that I did not adequately verify certain citations using primary legal research databases before including them in the filing, but this was not the product of bad faith or intentional misconduct, but trust in a tool recommended and marketed as an efficient

---

exist." However, my LEXIS search of the named parties concluded that the case can be found at 322 F. Supp. 3d 244 (D. Mass. 2018).

alternative to traditional legal research tools. I take full responsibility for the failure of verification but, given the circumstances, I ask that the Court not impose sanctions.

I declare under penalty of perjury under the laws of the State of Connecticut that the foregoing is true and correct.

Executed this 21st day of August, 2025.

_____
David P. Stich (ct18442)