UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAUL GONZALES DAVILA,<br>    Plaintiff,<br><br>    v.<br><br>ROBLEN, LLC f/d/b/a VICOLO PIZZA<br>RESTAURANT and VIKTOR BERISHA,<br>    Defendants. | No. 3:23-cv-00512 (SRU) |

## SANCTIONS ORDER

I.    Introduction

In the instant action, David Stich, counsel for plaintiff Raul Gonzales Davila, filed a brief containing AI-generated quotes from legal authorities that did not contain those quotes. *See, e.g.,* Doc. No. 71 at 18-19 (citing fake AI-generated quotes).[1]

Before the brief's hallucinated AI-generated quotes came to light, Stephanie Stich, David Stich's co-counsel and daughter, contacted my chambers and asked about filing a "corrected version" of the brief. *See* Doc. No. 84 at 1-2. Stephanie Stich never acknowledged that they sought to file a "corrected version" because the filed version contained hallucinated AI-generated quotes.

In deciding whether David Stich and Stephanie Stich deserve sanctions, I balance two competing facts. On one hand, their conduct did not meet the professional standards required of all attorneys. On the other hand, both David Stich and Stephanie Stich recognize the seriousness

---

[1] Those fake AI-generated quotes are known as "hallucinations," which are "false facts generated by GenAI systems." Zach Warren, *GenAI hallucinations are still pervasive in legal filings, but better lawyering is the cure*, Thomas Reuters (Aug. 18, 2025), https://www.thomsonreuters.com/en-us/posts/technology/genai-hallucinations/.

of their mistakes and have committed to taking affirmative steps to avoid any future AI-related legal errors.

I must decide whether David Stich and Stephanie Stich's conduct deserves sanctions.

II.     Factual Background

David Stich and Stephanie Stich represent the plaintiff, an immigrant with limited English language proficiency, in his suit against his former employer for violations of state and federal minimum wage and overtime laws. *See* Complaint, Doc. No. 1, 1-2, 6, 12.

David Stich has previously come before this Court to address concerns about his use of AI in legal filings. In a parallel case to the instant action, Judge Janet C. Hall ordered David Stich to show cause for why he should not be sanctioned for submitting a memorandum of law containing hallucinated AI-generated citations to non-existent cases. *See Cojom v. Roblen, LLC*, Dkt. No. 3:23-CV-01669 (JCH), Doc. No. 49. Judge Hall determined that the most appropriate sanction for David Stich was $500. *See Cojom v. Roblen, LLC.,* 2025 LX 524310, at *10 (D. Conn. Nov. 17, 2025).

III.    Legal Standard

a.  David Stich

David Stich filed a brief containing fake AI-generated quotes and did not review those citations before filing the brief.

This Court has the "inherent power to 'manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *United States v. Seltzer,* 227 F.3d 36, 41 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991)). Courts can invoke that inherent authority to address attorney conduct and impose sanctions. *See id.*; *see also Palmer v. Simon's Agency, Inc.,* 833 F. App'x 838, 839 (2d Cir. 2020).

A finding of bad faith is not a prerequisite to impose sanctions. *Id*. *See also Seltzer,* 227 F.3d at 41. Absent a finding of bad faith, attorneys can only be sanctioned for conduct that involves "a lawyer's negligent or reckless failure to perform his or her responsibility as an officer of the court." *Seltzer,* 227 F.3d at 41. But to sanction attorney conduct "that is integrally related to the attorney's role as an advocate for his or her client," *id*. at 40, courts must first find that the attorney acted in bad faith. *Id*.

  b. Stephanie Stich

In a telephone call to my chambers, Stephanie Stich failed to disclose to this Court that she and David Stich sought to file a different version of their brief because it contained fake AI-generated quotes.

The Connecticut Rules of Professional Conduct govern Stephanie Stich's behavior.[2] Under Rule 3.3 of the Connecticut Rules of Professional Conduct, Stephanie Stich has a duty of candor to the tribunal. Conn. Rules of Pro. Conduct 3.3.

  IV.  Discussion

  a. David Stich

On behalf of the plaintiff, David Stich filed a memorandum of law in opposition to the defendants' motion for summary judgment. That brief contained multiple AI-generated quotes from legal authorities that did not contain those quotes.

For instance, the plaintiff maintained that he was individually covered under the Fair Labor Standards Act ("FLSA"). In support of that argument, the brief cited *Pineda v. Frisolino, Inc.,* 2017 WL 3835882 (S.D.N.Y. Aug. 29, 2017). *Pineda* is a real decision dealing with the

---

[2] Rule 83.2(a)(1) of the District of Connecticut Local Rules subjects attorneys practicing in the District of Connecticut to the Connecticut Rules of Professional Conduct. *See Phillips v. Berlex Labs., Inc.,* 2006 U.S. Dist. LEXIS 27389, at *14 n.4 (D. Conn. May 5, 2006).

FLSA. The brief then quoted *Pineda* as stating that "any regular contact with goods that have moved in interstate commerce is sufficient." Doc. No. 71 at 18-19. That reveals the problem: the quoted language does not appear in the *Pineda* decision. The brief used the *Pineda* quote to help establish individual coverage, leaving the plaintiff with arguments based on fake law.

By causing that avoidable legal mishap, David Stich "negligent[ly]…[failed] to perform [his] responsibility as an officer of the court." *Seltzer,* 227 F.3d at 41. He used an AI tool, the tool then generated fake quotes, and he based arguments on those fake quotes. Most importantly, David Stich never "conduct[ed] a reasonable inquiry into the viability of" the brief. *See Cojom*, 2025 LX 524310 at *5 (quoting *AJ Energy LLC v. Woori Bank,* 829 F. App'x 533, 535 (2d Cir. 2020) (summary order). David Stich's conduct was not "part of [his] legitimate efforts at zealous advocacy for the client." *Seltzer,* 227 F.3d at 40. Accordingly, to impose sanctions, I need not find that David Stich acted in bad faith. *Id*.

David Stich's conduct negatively impacted his client, the opposing parties and their counsel, and this Court. David Stich deprived his client of arguments "based on legitimate judicial precedent." *See Cojom*, 2025 LX 524310 at *7. The opposing parties and their counsel had to contend with "arguments based on phony law." *Id*. Finally, this Court expended time and resources to investigate and address David Stich's conduct.

I must also consider David Stich's response to his errors. He admitted that he did not check the quotes and citations produced by the AI tool and took responsibility for those errors. *See* Doc. No. 83 at 2. He then committed to never using any AI research tools for legal practice and to taking continuing legal education programs on the responsible use of AI in legal practice. *Id.*

4

Balancing David Stich's accountability for his errors against his irresponsible use of AI in a legal filing, I order that David Stich must (a) complete at least three hours of continuing legal education on the responsible use of AI in legal practice, and (b) share his new knowledge regarding AI and legal practice with the Connecticut legal community in written form (e.g., a blog post, op-ed, or letter to the editor).

    b. Stephanie Stich

As stated previously, Stephanie Stich contacted my chambers and asked about filing a "corrected version" of the brief. *See* Doc. No. 84 at 2. However, Stephanie Stich was not candid with my chambers. She never acknowledged that they sought to file a "corrected version" because the filed version contained hallucinated AI-generated quotes.

After I ordered Stephanie Stich to show cause why she should not be sanctioned for her lack of candor, she responded in a contrite and productive manner. She apologized for her conduct and indicated that she was currently enrolled in continuing legal education programs on the responsible use of AI in legal practice. *See* Doc. No. 84 at 2.

Although Stephanie Stich may not have been entirely candid with this Court, her conduct does not merit sanctions. She did not lie or deceive this Court. She did not make a "a false statement of fact or law." Conn. Rules of Pro. Conduct 3.3. I therefore decline to impose sanctions on Stephanie Stich.

    V.    Conclusion

For the reasons discussed above, I order that David Stich (a) complete at least three hours of continuing legal education on the responsible use of AI in legal practice, and (b) share his new knowledge regarding AI and legal practice with the Connecticut legal community in written form. I decline to impose sanctions on Stephanie Stich.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of February 2026.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge
