**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RAUL GONZALES DAVILA,
     Plaintiff,

     v.

ROBLEN, LLC f/d/b/a VICOLO PIZZA
RESTAURANT and VIKTOR BERISHA,
     Defendants.

No. 3:23-cv-00512 (SRU)

## RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT

I.       Introduction

Plaintiff Raul Gonzales Davila ("Davila") brought this suit against defendants Roblen,

LLC (formerly doing business as Vicolo Pizza Restaurant) and Viktor Berisha ("Berisha"), the

owner of Vicolo Pizza, to recover unpaid wages and overtime compensation. Doc. No. 1 ¶¶ 1-2.

Davila, a delivery driver for Vicolo Pizza, alleges that he worked 100 hours per week for a flat

weekly rate with no overtime compensation, in violation of the Fair Labor Standards Act

("FLSA") and the Connecticut Fair Employment Practices Act ("CFEPA"). Doc. No. 1 ¶¶ 26-27.

He also asserts a CFEPA workplace discrimination claim. Doc. No. 1 ¶¶ 110-114. The

defendants moved for summary judgment. Doc. No. 68.

For the reasons discussed below, I **grant** the defendants' motion for summary judgment.

II.      Standard of Review

Summary judgment is appropriate when the record demonstrates that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (nonmoving

party must present affirmative evidence to defeat a properly supported motion for summary

judgment).

When ruling on a summary judgment motion, the court must construe the facts of the record in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see also Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir. 1992) (the court is required to "resolve all ambiguities and draw all inferences in favor of the nonmoving party"). When a motion for summary judgment is properly supported by documentary and testimonial evidence, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but must present sufficient probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

"Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir. 1992). If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

> The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Anderson,* 477 U.S. at 247-48. To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

2

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. *Celotex*, 477 U.S. at 322. In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23; *accord Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (movant's burden satisfied if he can point to an absence of evidence to support an essential element of nonmoving party's claim). In short, if there is no genuine issue of material fact, summary judgment may enter. *Celotex*, 477 U.S. at 323.

III.    Background

Adopting Davila's argument regarding how far back the statute of limitations extends, the relevant period is April 2019 to April 2022, when Vicolo Pizza permanently closed. Doc. No. 68-1 ¶ 7. During that period, Davila was employed as Vicolo Pizza's only delivery driver. *Id*. All parties agree that Vicolo Pizza paid Davila a flat rate of $500 in cash per week. Doc. No. 68 at 1.

The parties dispute the hours that Davila worked at Vicolo Pizza. Davila claims that he worked 100 hours per week and alleges that the defendants did not pay him overtime compensation for hours worked over 40 hours per week. Doc. No. 1 ¶¶ 61-63. The defendants maintain that Davila's usual schedule was not more than 36 hours per week. Doc. No. 68-5 at 6 (Viktor Berisha explaining that Davila's work schedule was usually 12 to 2 p.m. and 5 to 8 or 9 p.m. six days per week). There is no direct evidence available that can substantiate either party's account of Davila's hours.[1] Vicolo Pizza did not keep track of the hours that Davila worked.

---

[1] Davila offers a third-party witness to corroborate Davila's account of his hours worked at Vicolo Pizza. The witness, Abrahan Rodriguez, testified that "I used to see him [Davila] every day at work and…when we got to work, he was already there and then when we left to our house, he stayed there even at night. He stayed longer." Doc. No.

Doc. No. 68-5 at 6. Given that lack of recordkeeping, Davila seemingly received his $500 weekly salary without regard to his hours worked.

Berisha further admitted that he never reimbursed Davila for the ancillary costs of delivery, as Davila used his own car, insurance, and gas to deliver pizzas for the restaurant. Doc. No. 68-8 at 9. Davila also got into a car accident during working hours and had to pay for the repairs himself. Doc. No. 72-6 at 14. Davila also asserts that Berisha knew Davila was an undocumented immigrant and "exploited his fear of deportation." Doc. No. 1 ¶ 114.

IV.     Discussion

Davila alleges violations of the minimum wage provisions of the FLSA, doc. no. 1 ¶¶ 51-59, minimum wage provisions of the CFEPA, doc. no. 1 ¶¶ 65-77, overtime provisions of the FLSA, doc. no. 1 ¶¶ 60-64, overtime provisions of the CFEPA, doc. no. 1 ¶¶ 78-87, and workplace discrimination provisions of the CFEPA. Doc. No. 1 ¶¶ 110-114.[2]

1. FLSA Claims

The FLSA "governs minimum wages, maximum hours, and other policies and practices affecting employees and employers." *Guerrero v. 79th St. Gourmet & Deli Inc.,* No. 18-CV-04761, at *9 (E.D.N.Y. Sep. 10, 2019).

Davila must first prove that the FLSA covers his claims. He can rely on one of two theories to establish coverage. Davila must either prove that he is individually covered by the FLSA (individual coverage) or that Vicolo Pizza is a covered employer under the statute (enterprise coverage). *Jian Long Li v. Li Qin Zhao,* 35 F. Supp. 3d 300, 305 (E.D.N.Y. Aug. 8, 2014). "[T]he failure of the plaintiff to demonstrate an issue for trial involving employee

---

72-7 at 22. Rodriguez stated that he generally worked until 9 p.m. during the pandemic. Doc. No. 72-7 at 20. Therefore, his testimony suggests that Davila usually worked until at least 9 p.m.

[2] Davila's complaint originally pled additional claims, but he withdrew six claims on August 1, 2025. Doc. No. 78 at 2.

coverage, based on either the enterprise or individual theory, is a proper basis for dismissing his FLSA claim on summary judgment." *Id*.

Berisha and Roblen, LLC argue that Davila never properly established enterprise coverage or individual coverage. Doc. No. 68-2 at 9. As the parties moving for summary judgment, Berisha and Roblen, LLC carry the initial burden of "demonstrating the absence of any genuine issue of material fact" regarding FLSA coverage. *Gordon v. Gen. Prop. Mgmt. Assocs.,* 496 F. Supp. 3d 830, 835 (S.D.N.Y. 2020). Berisha and Roblen, LLC can meet that burden by "identifying an absence of evidence to support the nonmoving party's case without [themselves] offering an affirmative prima facie showing." *Kirbaran v. Target Corp.,* 2025 LX 279100, at *2 (2d Cir. Apr. 1, 2025) (internal quotation marks and citations omitted).

If Berisha and Roblen, LLC successfully demonstrate the absence of any genuine issue of material fact, Davila must offer more than "bare assertions" and "fanciful allegation[s]" to survive summary judgment. *Gordon,* 496 F. Supp. 3d at 835; *see also Marcus v. Lominy,* 2022 U.S. Dist. LEXIS 29065, at *40 (S.D.N.Y. Feb. 16, 2022). Davila must produce "sufficient probative evidence to establish a genuine issue of material fact" regarding FLSA coverage. *Horror Inc. v. Miller,* 15 F.4th 232, 240 (2d Cir. 2021). Davila cannot merely assert that "the evidence supporting [his] allegation is in the hands of the defendant." *Gordon,* 496 F. Supp. 3d at 835.

I turn now to enterprise coverage.

A.  Enterprise Coverage

To rely on enterprise coverage, Davila must establish a genuine issue of material fact regarding whether Vicolo Pizza is an "enterprise engaged in commerce" that "has (1) 'employees' who are 'engaged in commerce or in the production of goods for commerce, or . . .

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,' and (2) gross annual revenue of at least $500,000." *Darowski v. Wojewoda,* 2016 U.S. Dist. LEXIS 103745, at *15 (D. Conn. Aug. 7, 2016); 29 U.S.C. § 203(s)(1)(A).

The defendants allege that Vicolo Pizza's gross annual revenue never exceeded $284,579 in the relevant period. Doc. No. 68-1 ¶ 1. To substantiate those figures, the defendants produced their tax returns and provided monthly statements "for the only bank account that [Vicolo Pizza] used to deposit proceeds during the relevant period." Doc. No. 68-2 at 8. According to those statements, the value of that bank account peaked at approximately $300,000 in early 2020 and steadily decreased over the relevant period. *See generally* Doc. Nos. 68-15 to 68-19.

In response, Davila emphasizes that there are several reasons to doubt the defendants' revenue reporting. First, Vicolo Pizza was a cash-heavy business. It paid Davila in cash, it purchased Berisha's new home for $525,000 in cash, but then "reported unusually low cash deposits." Doc. No. 72 at 7; Doc. No. 72-3 at 116. Second, because he estimated pizza sales based on the number of pizza boxes used, Davila perceived a discrepancy between Vicolo Pizza's reported income and his suspicions of its actual income. Doc. No. 72 at 6. Third, the defendants did not produce "critical" records, including documents from third-party delivery platforms, point-of-sale transaction reports, and payroll records. Doc. No. 72 at 6; Doc. No. 78 at 5. Fourth, the defendants claimed to earn no income from the business. Doc. No. 72 at 7.

Although Davila adequately explains why he doubts the defendants' revenue reporting, Davila must also furnish affirmative evidence to establish a triable issue regarding enterprise coverage. *See D'Amico v. City of N.Y.,* 132 F.3d 145, 149 (2d Cir. 1998) (nonmovant "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence

6

showing that its version of the events is not wholly fanciful"). He fails to meet that burden.

Instead, his pleadings and response to the defendants' motion for summary judgment contain only those bare and speculative assertions regarding the dubiousness of Vicolo Pizza's revenue reporting. *See, e.g.,* Doc. No. 78 at 4-6. Therefore, Davila has not established a genuine issue of material fact regarding enterprise coverage.

   B.  Individual Coverage

If Davila cannot establish that Vicolo Pizza is a qualifying enterprise under the FLSA, he must instead establish individual coverage. *See Xelo v. Mavros,* No. 03-CV-3665, at *12 (E.D.N.Y. Sept. 28, 2005). To do so, Davila must prove that he "engaged in commerce or in the production of goods for commerce" or that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Morales v. Gourmet Heaven, Inc.,* 2016 U.S. Dist. LEXIS 163883, at *11 (D. Conn. Nov. 29, 2016) (quoting 29 U.S.C. § 207(a)(1)). "Employees are 'engaged in commerce' within the meaning of the FLSA 'when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof.'" *Cardenas v. New Generations Concrete, LLC,* 2025 U.S. Dist. LEXIS 121394, at *5 (D. Conn. June 26, 2025) (quoting 29 C.F.R. § 779.103).

Courts in this circuit have clarified that "if the plaintiff did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA." *Li Qin Zhao,* 35 F. Supp. 3d at 308 (internal citations and quotation marks omitted). Davila argues instead that the "use of the instrumentalities of interstate commerce" is sufficient to establish individual coverage. Doc. No. 72 at 18. That is not correct. To qualify for individual coverage, plaintiffs must either work directly "in the channels of interstate commerce" or handle goods

intended for interstate shipment. *Li Qin Zhao,* 35 F. Supp. 3d at 308. Otherwise, "any employee who regularly uses a car or cellular phone for work, whether or not he engages with out-of-state customers or businesses, would be covered under the FLSA." *Id*. at 309.

The defendants maintain that Davila did not have routine contact with out-of-state customers and did not "routinely" deliver pizzas across state lines to New York. Doc. No. 68 at 2. Davila argues that he crossed state lines to deliver pizzas on a daily basis. Doc. No. 72 at 5.

Davila is unable to point to any evidence showing that he delivered pizzas across state lines. Davila insists that "each day he worked at [Vicolo Pizza], he crossed state lines from Connecticut into New York to complete food deliveries, as the Restaurant was located just three miles from the border." Doc. No. 72 at 5. He provides no facts or evidence to support that assertion.[3] Davila, unlike the defendants, bears the burden of establishing a genuine issue of material fact regarding FLSA coverage at summary judgment. Even though I must view his facts and evidence in the most favorable light, the reality is that he has produced no material facts or evidence to support his assertion that he delivered pizzas across state lines. Accordingly, Davila has not established a genuine issue of material fact regarding individual coverage.

Because Davila has not established a genuine issue of material fact regarding FLSA coverage, I **grant** the defendants' motion for summary judgment on Davila's FLSA claims.

---

[3] Instead of offering facts or evidence to support his position, Davila attempts to poke holes in the defendants' evidence regarding interstate pizza delivery. Doc. No. 72 at 22-24. First, Davila points out that the defendants did not produce records of customer addresses from third-party delivery platforms. *Id*. Second, although the defendants claimed that Vicolo Pizza's point of sale system could not accept orders from outside New Canaan, Connecticut, Vicolo Pizza's customer spreadsheet contains zip codes from outside of New Canaan. *Id*.; *see, e.g.,* Doc. No. 76-2 at 28. Those two inconsistencies do not cure the evidentiary hole in Davila's case regarding interstate pizza delivery. Regarding the lack of third-party delivery platform records, Davila cannot merely assert that "the evidence supporting [his] allegation is in the hands of the defendant." *Gordon,* 496 F. Supp. 3d at 835. Third-party evidence is equally available to all parties. Regarding the out-of-town zip codes, I can only reasonably infer that the presence of out-of-town zip codes suggests that the system could accept orders from outside New Canaan. (A review of the spreadsheet, doc. no. 76-2, did not disclose out-of-state zip codes, other than two from California. Davila does not identify a citation to the spreadsheet for his assertion that the spreadsheet contains New York zip codes. Doc. No. 72 at 22.) Without more evidence, it is not reasonable to infer that the out-of-town zip codes establish a genuine issue of material fact regarding whether Davila delivered pizzas across state lines.

2.  CFEPA Claims

I cannot reach the substance of Davila's state law claims without exercising supplemental jurisdiction. District courts exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Davila's state law claims derive from the same "common nucleus of operative fact" as his federal claims. *Hamilton Rsrv. Bank Ltd. v. Democratic Socialist Republic of Sri Lanka,* 134 F.4th 73, 75 (2d Cir. 2025) (internal citations omitted).

However, I decline to exercise supplemental jurisdiction over Davila's state law claims because I dismissed his federal claims, the only claims over which I had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Therefore, I **grant** the defendants' motion for summary judgment on Davila's state law claims and dismiss those claims without prejudice.

V.    Conclusion

For the reasons discussed above, I **grant** the defendants' motion for summary judgment.

So ordered.

Dated at Bridgeport, Connecticut, this 31st day of March 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge